UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOYCE F. MARTINEZ, | No.  CV-11-0358-JTR |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security,[1] | |
| Defendant. | |

**BEFORE THE COURT** are cross-Motions for Summary Judgment.  ECF Nos. 12, 16.  Attorney Lora Lee Stover represents Plaintiff; Special Assistant United States Attorney Carol A. Hoch represents the Commissioner of Social Security (Defendant).  The parties have consented to proceed before a magistrate judge.  ECF No. 6.  After reviewing the administrative record and the briefs filed by the parties, the court **grants** Defendant's Motion for Summary Judgment.

**JURISDICTION**

Plaintiff previously filed an application for Supplemental Security Income (SSI) in  2006.  Tr. 70.  The application was denied initially, and Plaintiff did not

---

[1]As of February 14, 2013, Carolyn W. Colvin succeeded Michael J. Astrue as Acting Commissioner of Social Security.  Pursuant to FED R. CIV. P. 25(d), Commissioner Carolyn W. Colvin is substituted as the defendant, and this lawsuit proceeds without further action by the parties.  42 U.S.C. § 405(g).

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

appeal the decision.  Tr. 73.  Plaintiff filed a new application for SSI on July 21, 2008, alleging disability since October 1, 1998, due to "Liver disease, endometriosis, anemia, ankle, PTSD, hep c, depression."  Tr. 135, 175-176.  The application was denied initially and upon reconsideration.

Administrative Law Judge (ALJ) R.J. Payne held a hearing on September 15, 2009, Tr. 37-69, and issued an unfavorable decision on October 16, 2009, Tr. 21-30.  The Appeals Council denied review on August 5, 2011.  Tr. 1-6.  The ALJ's October 2009 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on September 29, 2011.  ECF No. 1.

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties.  They are only briefly summarized here.

Plaintiff was born on June 17, 1962, and was 46 years old on the amended alleged onset date, July 21, 2008.  Tr. 39, 146.  Plaintiff indicated she attended school until the 8th grade and has not obtained her GED.  Tr. 59-60.  She testified at the administrative hearing that she has problems getting around due to significant joint pain, Tr. 60-61, and that she is normally able to get only four to five hours of sleep at one time through the night and thus normally lies down two to three times during the day, for an hour to an hour and a half at a time, Tr. 62-63.

Plaintiff testified she attended a mandatory AA program for six months following a DUI conviction four or five years prior to the administrative hearing.  Tr. 63.  She reported her driver's license was suspended as a result of the DUI and she has not subsequently attempted to regain her driving privileges.  Tr. 63.  Plaintiff stated she continues to drink occasionally, despite the fact that her doctors have told her she should not drink because of problems with her liver.  Tr. 64.  However, she indicated she had not consumed alcohol to the point of intoxication

ORDER GRANTING DEFENDANT'S MOTION . . . - 2

1    over the past year.  Tr. 64.

2         Plaintiff stated she spends a typical day picking up her house "little by

3    little," crocheting, watching television, folding laundry, and baking.  Tr. 61.  She

4    also indicated she is able to do yard work on good days.  Tr. 65.  With respect to

5    social activities, she testified she barbecues with friends who live across the street

6    and had been meeting people around her neighborhood.  Tr. 67.

7                    **SEQUENTIAL EVALUATION PROCESS**

8         The Social Security Act (the Act) defines disability as the "inability to

9    engage in any substantial gainful activity by reason of any medically determinable

10    physical or mental impairment which can be expected to result in death or which

11    has lasted or can be expected to last for a continuous period of not less than twelve

12    months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act also provides that a

13    plaintiff shall be determined to be under a disability only if any impairments are of

14    such severity that a plaintiff is not only unable to do previous work but cannot,

15    considering plaintiff's age, education and work experiences, engage in any other

16    substantial gainful work which exists in the national economy.  42 U.S.C. §§

17    423(d)(2)(A), 1382c(a)(3)(B).   Thus, the definition of disability consists of both

18    medical and vocational components.  *Edlund v. Massanari*, 253 F.3d 1152, 1156

19    (9th Cir. 2001).

20         The Commissioner has established a five-step sequential evaluation process

21    for determining whether a person is disabled.  20 C.F.R. §§ 404.1520, 416.920.

22    Step one determines if the person is engaged in substantial gainful activities.  If so,

23    benefits are denied.  20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).  If not, the

24    decision maker proceeds to step two, which determines whether plaintiff has a

25    medically severe impairment or combination of impairments.  20 C.F.R. §§

26    404.1520(a)(4)(ii), 416.920(a)(4)(ii).

27         If plaintiff does not have a severe impairment or combination of

28    impairments, the disability claim is denied.  If the impairment is severe, the

ORDER GRANTING DEFENDANT'S MOTION . . . - 3

1 | evaluation proceeds to the third step, which compares plaintiff's impairment with a
2 | number of listed impairments acknowledged by the Commissioner to be so severe
3 | as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(ii),
4 | 416.920(a)(4)(ii); 20 C.F.R. § 404, Subpt. P, App. 1.  If the impairment meets or
5 | equals one of the listed impairments, plaintiff is conclusively presumed to be
6 | disabled.   If the impairment is not one conclusively presumed to be disabling, the
7 | evaluation proceeds to the fourth step, which determines whether the impairment
8 | prevents plaintiff from performing work which was performed in the past.  If a
9 | plaintiff is able to perform previous work, that plaintiff is deemed not disabled.  20
10 | C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  At this step, plaintiff's residual
11 | functional capacity (RFC) is considered.  If plaintiff cannot perform past relevant
12 | work, the fifth and final step in the process determines whether plaintiff is able to
13 | perform other work in the national economy in view of plaintiff's RFC, age,
14 | education and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v),
15 | 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).
16 |      The initial burden of proof rests upon plaintiff to establish a prima facie case
17 | of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th
18 | Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial
19 | burden is met once plaintiff establishes that a physical or mental impairment
20 | prevents the performance of previous work.  The burden then shifts, at step five, to
21 | the Commissioner to show that (1) plaintiff can perform other substantial gainful
22 | activity, and (2) a "significant number of jobs exist in the national economy"
23 | which plaintiff can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).
24 | **STANDARD OF REVIEW**
25 |      Congress has provided a limited scope of judicial review of a
26 | Commissioner's decision.  42 U.S.C. § 405(g).  A court must uphold the
27 | Commissioner's decision, made through an ALJ, when the determination is not
28 | based on legal error and is supported by substantial evidence.  *See Jones v.*

ORDER GRANTING DEFENDANT'S MOTION . . . - 4

1 *Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097

2 (9th Cir. 1999).  "The [Commissioner's] determination that a plaintiff is not

3 disabled will be upheld if the findings of fact are supported by substantial

4 evidence."  *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42

5 U.S.C. § 405(g)).  Substantial evidence is more than a mere scintilla, *Sorenson v.*

6 *Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a

7 preponderance, *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989).

8 Substantial evidence "means such evidence as a reasonable mind might accept as

9 adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401

10 (1971) (citations omitted).  "[S]uch inferences and conclusions as the

11 [Commissioner] may reasonably draw from the evidence" will also be upheld.

12 *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).  On review, the court

13 considers the record as a whole, not just the evidence supporting the decision of the

14 Commissioner.  *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (quoting

15 *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

16      It is the role of the trier of fact, not this court, to resolve conflicts in

17 evidence.  *Richardson*, 402 U.S. at 400.  If evidence supports more than one

18 rational interpretation, the court may not substitute its judgment for that of the

19 Commissioner.  *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579

20 (9th Cir. 1984).  Nevertheless, a decision supported by substantial evidence will be

21 set aside if the proper legal standards were not applied in weighing the evidence

22 and making the decision.  *Brawner v. Secretary of Health and Human Services*,

23 839 F.2d 432, 433 (9th Cir. 1987).  Thus, if there is substantial evidence to support

24 the administrative findings, or if there is conflicting evidence that will support a

25 finding of either disability or nondisability, the finding of the Commissioner is

26 conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

27                          **ALJ'S FINDINGS**

28      The ALJ found that Plaintiff had not engaged in substantial gainful activity

ORDER GRANTING DEFENDANT'S MOTION . . . - 5

1 | since July 21, 2008, the application date.  Tr. 23.  The ALJ determined, at step two,

2 | that Plaintiff had the following severe impairments: Liver Disease, Endometriosis,

3 | Anemia, Hepatitis C and Left Ankle Sprain.  Tr. 23.  The ALJ specifically

4 | determined Plaintiff's mental impairments of depression, post-traumatic stress

5 | disorder, and substance abuse disorder did not cause more than minimal limitations

6 | in her ability to perform basic mental work activities and were thus non-severe

7 | impairments.  Tr. 23-25.

8 |      At step three, the ALJ found Plaintiff's impairments, alone and in

9 | combination, did not meet or medically equal one of the listed impairments.  Tr.

10 | 25.  The ALJ assessed Plaintiff's RFC and determined that Plaintiff could perform

11 | sedentary work with the following limitations: she is capable of lifting and/or

12 | carrying 20 pounds occasionally and 10 pounds frequently; she can stand and/or

13 | walk two to three hours total in an eight-hour workday with normal breaks; she can

14 | sit for two hours at one time and stand/walk for one hour at a time without

15 | interruptions; she can occasionally balance, stoop, kneel, crouch, crawl, and climb

16 | stairs or ramps, but can never climb ladders, ropes, or scaffolds; she can tolerate

17 | occasional exposure to the operation of a motor vehicle, humidity and wetness,

18 | dusts, odors, fumes, and pulmonary irritants, extreme cold and heat, and vibration;

19 | and she should avoid all exposure to unprotected heights and moving mechanical

20 | parts.  Tr. 26.

21 |      At step four, the ALJ found that Plaintiff was unable to perform any past

22 | relevant work.  Tr. 28.  At step five, the ALJ concluded that, considering Plaintiff's

23 | age, education, work experience and RFC, and based on the Medical Vocational

24 | Guidelines, there were jobs that exist in significant numbers in the national

25 | economy that Plaintiff could perform.  Tr. 29.  The ALJ thus determined that

26 | Plaintiff was not under a disability within the meaning of the Social Security Act at

27 | any time from July 21, 2008, the application date, through the date of the ALJ's

28 | decision.  Tr. 29-30.

ORDER GRANTING DEFENDANT'S MOTION . . . - 6

1

**ISSUES**

2          Plaintiff alleges the ALJ erred as follows:

3
4          1.       By improperly determining that Plaintiff did not suffer from severe
                     mental impairments; and

5
6          2.       By improperly rejecting Plaintiff's subjective complaints.

7     ECF No. 13 at 11-18.

8                                          **DISCUSSION**

9     **A.      Medical Evidence**

10         Plaintiff contends that the ALJ erred by determining that Plaintiff did not

11    suffer from severe mental impairments.  ECF No. 13 at 11.  Plaintiff specifically

12    argues that the ALJ's finding of non-severe mental impairments is unsupported by

13    the medical evidence which displays greater limitations from a psychological

14    standpoint.

15         Plaintiff has the burden of proving that she has a severe impairment at step

16    two of the sequential evaluation process.  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §

17    423(d)(1)(A), 416.912.  In order to meet this burden, Plaintiff must furnish medical

18    and other evidence that shows that she has a severe impairment.  20 C.F.R. §

19    416.912(a).  The regulations, 20 C.F.R. §§ 404.1520(c), 416.920(c), provide that

20    an impairment is severe if it significantly limits one's ability to perform basic work

21    activities.  An impairment is considered non-severe if it "does not significantly

22    limit your physical or mental ability to do basic work activities."  20 C.F.R. §§

23    404.1521, 416.921.  "Basic work activities" are defined as the abilities and

24    aptitudes necessary to do most jobs.  See, 20 C.F.R. §§ 404.1521(b), 416.921(b).

25         Step two is "a de minimis screening device [used] to dispose of groundless

26    claims," *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996), and an ALJ may

27    find that a claimant lacks a medically severe impairment or combination of

28    impairments only when this conclusion is "clearly established by medical

ORDER GRANTING DEFENDANT'S MOTION . . . - 7

1   evidence." S.S.R. 85-28; *see, Webb v. Barnhart*, 433 F.3d 683, 686-687 (9th Cir.

2   2005).  Applying the normal standard of review to the requirements of step two,

3   the court must determine whether the ALJ had substantial evidence to find that the

4   medical evidence clearly established that Plaintiff did not have a medically severe

5   impairment. *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) ("Despite the

6   deference usually accorded to the Secretary's application of regulations, numerous

7   appellate courts have imposed a narrow construction upon the severity regulation

8   applied here."); *Webb*, 433 F.3d at 687.

9        Here, the ALJ concluded that Plaintiff's medically determinable mental

10   impairments of depression, post-traumatic stress disorder, and substance abuse

11   disorder did not cause more than minimal limitations on her ability to perform

12   basic mental work activities and were therefore non-severe impairments.  Tr. 23.

13   In support of this finding the ALJ relied upon the opinions of R. Thomas

14   McKnight, Jr., Ph.D., and state agency reviewing physicians Rita Flanagan, Ph.D.,

15   and James Bailey, Ph.D.  Tr. 23-25.

16       Dr. McKnight testified at the administrative hearing on September 15, 2009,

17   and opined that Plaintiff's only issue from a mental health perspective was that of

18   substance abuse.  Tr. 51.  He indicated there was inconsistent reporting of alcohol

19   use by Plaintiff, elevated liver studies due to Plaintiff's alcohol use, and a

20   cancelled surgery due to Plaintiff being intoxicated.  Tr. 51.  Dr. McKnight stated

21   that only a substance addiction disorder was substantiated by the evidence of

22   record.  Tr. 53.

23       With regard to the July 2008 report of Mr. Erickson and Dr. Mabee, Dr.

24   McKnight stated that the results of the testing of those medical professionals

25   suggested Plaintiff was not putting forth quality effort.  Tr. 54.  He additionally

26   testified there was no potential for anxiety affecting those test results.  Tr. 55.  Dr.

27   McKnight indicated that based on Plaintiff's alcohol use, she could appear

28   depressed from time to time and could appear to have attention problems, but her

ORDER GRANTING DEFENDANT'S MOTION . . . - 8

1    restrictions of activities of daily living, difficulties maintaining social functioning

2    and difficulties maintaining concentration, persistence and pace would be mild.

3    Tr. 53.  Dr. McKnight filled out a Psychiatric Review Technique form indicating

4    the same.  Tr. 506-519.

5    　　　　On September 19, 2008, Dr. Flanagan completed a Mental Residual

6    Functional Capacity Assessment which indicated that Plaintiff had no markedly

7    impaired mental limitations.  Tr. 359-361.  She opined that Plaintiff was capable of

8    performing simple, multi-step work and would work best away from the public and

9    with limited social interaction with coworkers.  Tr. 361.  On November 5, 2008,

10    Dr. Bailey indicated that subsequent records did not alter the limitations assessed

11    by Dr. Flanagan.  Tr. 408.

12    　　　　The ALJ also referenced the November 8, 2006, report of John F. McRae,

13    Ph.D., in support of his finding at step two that Plaintiff did not have a severe

14    mental impairment.  Tr. 24-28, 259-261.  Dr. McRae's report, which diagnosed

15    malingering and alcohol abuse, predates the period at issue in this matter.  Tr. 39.

16    　　　　The undersigned finds that the foregoing records do not evidence mental

17    problems sufficient to pass the de minimis threshold of step two of the sequential

18    evaluation process.  *See, Smolen*, 80 F.3d at 1290.

19    　　　　Plaintiff argues that the August 2007 and July 8, 2008, reports of W. Scott

20    Mabee, Ph.D., reflect that she suffers from severe mental impairments.  Tr. 293-

21    301; 308-320.  However, these reports also predate the relevant time period in this

22    matter.  *See, Carmickle v. Commissioner, Social Sec. Admin,* 533 F.3d 1155, 1165

23    (9th Cir. 2008) (medical opinions that predate the alleged onset of disability are of

24    limited relevance).  In any event, as noted by the ALJ, Plaintiff was not forthright

25    in discussing her alcohol use with Dr. Mabee, Dr. Mabee's opinions were based on

26    Plaintiff's invalid test scores and overreporting of symptoms, and Dr. Mabee's

27    assessment of serious mental limitations is inconsistent with the remainder of the

28    medical evidence of record.  Tr. 24, 28.  The ALJ provided sufficient rationale for

ORDER GRANTING DEFENDANT'S MOTION . . . - 9

1   rejecting Dr. Mabee's August 2007 and July 2008 reports.

2   Based on the foregoing, the undersigned finds that Plaintiff has failed to

3   meet her burden of proving that she had a mental impairment that significantly

4   limited her ability to perform basic work activities.  20 C.F.R. §§ 404.1521,

5   416.921.  The ALJ appropriately concluded that Plaintiff did not have a medically

6   severe mental impairment.  The court thus finds that the ALJ did not err at step two

7   of the sequential evaluation process in this case.

8   **B.    Plaintiff's Credibility**

9   Plaintiff next asserts that the ALJ erred by failing to properly consider her

10  subjective complaints.  ECF No. 18 at 16-17.  Plaintiff argues that the ALJ failed

11  to state convincing reasons to reject her testimony.

12  It is the province of the ALJ to make credibility determinations.  *Andrews v.*

13  *Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  However, the ALJ's findings must be

14  supported by specific cogent reasons.  *Rashad v. Sullivan*, 903 F.2d 1229, 1231

15  (9th Cir. 1990).  Once the claimant produces medical evidence of an underlying

16  medical impairment, the ALJ may not discredit testimony as to the severity of an

17  impairment because it is unsupported by medical evidence.  *Reddick v. Chater*, 157

18  F.3d 715, 722 (9th Cir. 1998).  Absent affirmative evidence of malingering, the

19  ALJ's reasons for rejecting the claimant's testimony must be "clear and

20  convincing."  *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).  "General

21  findings are insufficient: rather the ALJ must identify what testimony is not

22  credible and what evidence undermines the claimant's complaints."  *Lester*, 81

23  F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

24  In this case, the ALJ found that Plaintiff's medically determinable

25  impairments could reasonably be expected to cause the alleged symptoms;

26  however Plaintiff's statements concerning the intensity, persistence and limiting

27  effects of the symptoms were not credible to the extent they were inconsistent with

28  the ALJ's RFC assessment.  Tr. 27.

ORDER GRANTING DEFENDANT'S MOTION . . . - 10

On examination in November 2006, "there were typical signs of exaggeration and an attempt to malinger both psychological symptoms as well as to reduce her effort on the cognitive testing," Tr. 260; on examination in August 2007, Plaintiff displayed "some exaggeration of the severity of her symptoms" and her profile was thus deemed questionably valid, Tr. 295; and her test results on July 1, 2008, were indicative of "conscious over-reporting of psychological symptoms or a random response style" Tr. 318.  Accordingly, there is affirmative evidence of malingering in this case.

As indicated by the ALJ, the record also reveals that Plaintiff was an unreliable historian with respect to her alcohol use.  Tr. 24, 28.  Untruthfulness or inconsistencies regarding alcohol or substance abuse has been held to support an ALJ's decision that a claimant's testimony lacks credibility.  *Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999).  The ALJ appropriately considered Plaintiff's inconsistent reporting with respect to her alcohol use to discount her subjective complaints.

The ALJ further noted that the objective medical evidence does not support Plaintiff's allegations of physical limitations and restrictions, Tr. 27, and, as discussed in Section A, the ALJ correctly concluded that, contrary to Plaintiff's assertions, none of her medially determinable mental impairments cause more than minimal limitations of her ability to perform basic work-related activities.  The credible medical evidence of record does not support the level of limitation Plaintiff has claimed in this case.

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony.  *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).  It is the role of the trier of fact, not this court, to resolve conflicts in evidence.  *Richardson*, 402 U.S. at 400.  The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ even if it might justifiably

ORDER GRANTING DEFENDANT'S MOTION . . . - 11

have reached a different result upon de novo review.  42 U.S.C. § 405(g).

After reviewing the record, the undersigned finds that the reasons provided by the ALJ for discounting Plaintiff's subjective complaints are clear, convincing, and fully supported by the record.  Accordingly, the ALJ did not err by concluding that Plaintiff's subjective complaints regarding the extent of her functional limitations were not fully credible in this case.

## CONCLUSION

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is supported by substantial evidence and free of legal error. Accordingly,

**IT IS HEREBY ORDERED**:

1.      Defendant's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED**.

2.      Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **DENIED**.

The District Court Executive is directed to file this Order, provide copies to the parties, enter judgment in favor of defendant, and **CLOSE** this file.

DATED September 19, 2013.


_____S/ JOHN T. RODGERS_____
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION . . . - 12